| | |
|---|---|
| MORRISON TENENBAUM PLLC<br>*Counsel to the Debtor*<br>87 Walker Street, Floor 2<br>New York, New York 10013<br>Phone: 212-620-0938<br>Lawrence F. Morrison, Esq.<br>Brian J. Hufnagel, Esq. | **Hearing Date: August 22, 2018**<br>**Hearing Time: 11:00 a.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| JMG RESTAURANT GROUP LLC, | Case No. 18-42552 (NHL) |
| Debtor. | |

---------------------------------------------------------------X

**NOTICE OF DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 365(d)(4)
FOR AN EXTENSION OF THE TIME TO ASSUME OR REJECT
<u>UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY</u>**

**PLEASE TAKE NOTICE,** that upon the annexed motion (the "<u>Motion</u>") dated July 24, 2018, JMG Restaurant Group LLC (the "<u>Debtor</u>"), by and through its undersigned attorneys Morrison Tenenbaum PLLC, will move this court before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge,[1] at 271-C Cadman Plaza East, Suite 1595, Brooklyn, New York 11201 on August 22, 2018 at 11:00 a.m. (prevailing Eastern Time) (the "<u>Hearing Date</u>"), or as soon thereafter as counsel may be heard, for an entry of an Order extending the period within which Debtor may assume or reject the lease of nonresidential real property (the "<u>Lease</u>") with its landlord Metropolitan Transportation Authority, acting by and through Metro-North Commuter Railroad Company (the "<u>Landlord</u>") by ninety (90) days through and including November 27, 2018, and granting the Debtor such other and further relief as this Court may deem just and proper.

---

[1] **Please note that although the case is assigned to the Honorable Nancy Hershey Lord, this Motion is being scheduled before the Honorable Carla E. Craig on August 22, 2018 at 11:00 a.m.**

**PLEASE TAKE FURTHER NOTICE** that the Motion with all exhibits is being served on the Landlord, the Office of the United States Trustee, and any party that has filed a notice of appearance pursuant to Bankruptcy Rule 2002. This Notice of Motion only is being served on all creditors. A full copy of the Motion papers can be obtained through the Court's PACER system or by contacting Brian J. Hufnagel, Esq. at bjhufnagel@m-t-law.com

**PLEASE TAKE FURTHER NOTICE** that all response or objections, if any, to the Motion shall (i) be made in writing, (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Eastern District of New York, (iii) set forth the basis for the objection and the specific grounds therefore, (iv) be filed with the Court with a copy delivered directly to the Chambers of the Honorable Carla E. Craig, together with proof of service thereof, and (v) shall be served in a manner so as to be received not later than 5:00 p.m. on August 15 by Morrison Tenenbaum PLLC, 87 Walker Street, Floor 2, New York, NY 10013 (Attn: Brian J. Hufnagel, Esq.)

Dated: New York, New York
      July 24, 2018

                                    MORRISON TENENBAUM PLLC

                                    By: */s/ Brian J. Hufnagel*
                                    Lawrence F. Morrison
                                    Brian J. Hufnagel
                                    87 Walker Street, Floor 2
                                    New York, New York 10013
                                    Tel.: (212) 620-0938
                                    *Counsel for the Debtor*
                                    lmorrison@m-t-law.com
                                    bjhufnagel@m-t-law.com

MORRISON TENENBAUM PLLC
*Counsel to the Debtor*
87 Walker Street, Floor 2
New York, New York 10013
Phone: 212-620-0938
Lawrence F. Morrison, Esq.
Brian J. Hufnagel, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                                    Chapter 11

JMG RESTAURANT GROUP LLC,                              Case No. 18-42552 (NHL)

                                        Debtor.
-----------------------------------------------------------------X

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 365(d)(4) FOR AN
EXTENSION OF THE TIME TO ASSUME OR REJECT UNEXPIRED
<u>LEASE OF NONRESIDENTIAL REAL PROPERTY</u>**

JMG Restaurant Group LLC (the "<u>Debtor</u>"), by and through its undersigned attorneys Morrison Tenenbaum PLLC, hereby files this motion (the "<u>Motion</u>"), pursuant to section 365(d)(4) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, extending the period within which Debtor may assume or reject the lease of nonresidential real property (the "<u>Lease</u>") with its landlord Metropolitan Transportation Authority, acting by and through Metro-North Commuter Railroad Company (the "<u>Landlord</u>" or "<u>MTA Metro North</u>") by ninety (90) days through and including November 27, 2018. In support of this Motion, the Debtor respectfully represents as follows:

**<u>JURISDICTION</u>**

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in

this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested in this Motion is Bankruptcy Code section 365(d)(4).

## BACKGROUND

2. On May 1, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and thereafter, continues to operate its business and manage its property as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code. No receiver, examiner or creditor's committee has been appointed.

3. The Debtor operates a restaurant under the name La Chula located at 50 Grand Central Terminal, New York, New York 10017.

4. The bankruptcy filing was precipitated by a landlord-tenant dispute with the Debtor's landlord MTA Metro North. Due to the extended time for construction of the restaurant and cost-overruns, the Debtor fell behind in the payment of rent.

5. Through the bankruptcy, the Debtor intends to reorganize its business, stabilize its finances, and make a payment to creditors through a plan of reorganization.

6. The Debtor is a party to the Lease with the Landlord for space located in the dining concourse area of Grand Central Station known as Space Numbers LC 27 and LC 29. A copy of the Lease is annexed hereto as Exhibit B.

7. The term pursuant to the Lease has an additional approximate 7 years remaining through December 31, 2025.

**RELIEF REQUESTED**

8. By this Motion, the Debtor respectfully requests the entry of an order pursuant to Bankruptcy Code section 365(d)(4) extending the 120-day deadline to assume or reject the Leases (the "Deadline") by ninety (90) days from the current deadline of August 29, 2018 through and including November 27, 2018 for a total of two hundred ten (210) days.

9. Section 365(d)(4)(A) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor may assume or reject leases of nonresidential real property under which the debtor is the lessee. See 11 U.S.C. § 365(d)(4)(A).

10. Section 365(d)(4)(B) of the Bankruptcy Code further provides that:

> (B)(i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

11 U.S.C. § 364(d)(4)(B).

11. The term "cause" as used in section 365(d)(4) is not defined in the Bankruptcy Code nor does the Bankruptcy Code establish formal criteria for evaluating a request for an extension of the initial 120-day period. Although the decision to extend a debtor's time to assume or reject Remaining Leases of nonresidential real property is generally within the sound discretion of the Court, in determining whether cause exists for an extension of the initial 120- day period, Courts have relied on several factors, including the following:

    (i) whether the debtor was paying for the use of the property;

    (ii) whether the debtor's continued occupation … could damage the lessor beyond the compensation available under the Bankruptcy Code;

    (iii) whether the lease is the debtor's primary asset; and

3

        (iv) whether the debtor has had sufficient time to formulate a plan of reorganization.

See South St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.), 94 F.3d 755, 761 (2d Cir. 1996) (citing Theatre Holding Corp. v. Mauro, 681 F.2d 102, 105–06 (2d Cir. 1982) and noting that the list of factors "is by no means exhaustive," and a bankruptcy court may consider others, such as the complexity of the debtor's case and the number of leases the debtor must evaluate); In re 611 Sixth Ave. Corp., 191 B.R. 295, 298, 302-03 (Bankr. S.D.N.Y. 1996) (extending debtor's time to assume or reject lease where lease was primary asset and essential to debtor's plan, reversion would confer a windfall on the landlord, and, at the early stage of the case, the debtor required more time to resolve mechanics' liens and other claims prior to deciding whether it could assume the lease); In re Wedtech Corp., 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987) (considering, among other factors, the complexity of the case facing the debtor and the number of leases the debtor must evaluate); see also In re Channel Home Ctrs., Inc., 989 F.2d 682, 689 (3d Cir. 1993) (Alito, J.) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating." (citing Wedtech, 72 B.R. at 471–72)); In re Unit Portions of Del., Inc., 53 B.R. 83, 85 (Bankr. E.D.N.Y. 1985) ("Congress recognized that there may be times when it is not possible for the trustee to make a careful and informed assessment of the benefits and burdens of the lease within this [statutory] period. Accordingly, it empowered the court to grant a trustee who demonstrates cause for extension additional time to make this assessment."). The foregoing factors weigh in favor of granting the requested extension.

12. First, the Debtor is making timely payments for the use of the premises associated with the Lease, and is continuing to perform its other obligations under the Lease in a timely fashion, to the extent required by section 365(d)(3) of the Bankruptcy Code.

4

13. Second, there is no reason why the Debtor's proposed extension of the time to assume or reject the Lease could or would damage the Landlord in an amount beyond such compensation as is available to the Landlord under the Bankruptcy Code. Pending the Debtor's election to assume or reject the Lease, the Debtor will continue to perform all of its undisputed obligations arising after the Petition Date, including the payment of postpetition rent, in a timely fashion to the extent required by section 365(d)(3) of the Bankruptcy Code.

14. Third, the Lease remains a valuable asset of the Debtor and the Debtor's estate and preserving the value of the Lease is necessary for any reorganization of the Debtor's operations or sale of the Debtor's business. It is important that the Debtor be afforded sufficient time to fully evaluate the Lease, and the Debtor should not be forced to incur administrative claims or reject what may prove to be a necessary asset before it has had a full opportunity to explore its options with respect to the Lease. The extension of time requested will facilitate the Debtor's efforts to maximize value by allowing the Debtor additional time to analyze the Lease thoroughly.

15. Where the initial period to assume or reject Remaining Leases has proven to be inadequate, bankruptcy courts have routinely extended such periods.

16. Consequently, the Debtor submits that cause exists for the Court to extend the time within which the Debtor may assume or reject the Lease for ninety (90) days through and including November 27, 2018, without prejudice to the Debtor's right to seek a further extension of such deadline with the consent of the Landlord, as provided in section 365(d)(4)(B)(ii) of the Bankruptcy Code.

## NOTICE

17. No trustee or examiner has been appointed in this chapter 11 case. The Debtor have served notice of this Motion on: (a) the Office of the United States Trustee for the Eastern District

5

of New York; (b) all creditors, (c) any party filing a notice of appearance; and (d) the Landlord. The Debtor submits that, in light of the nature of the relief requested, no other or further notice is necessary or required.

## **NO PRIOR REQUEST**

18. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 24, 2018

Respectfully Submitted,

MORRISON TENENBAUM PLLC

*/s/ Brian J. Hufnagel*
By: Lawrence F. Morrison
Brian J. Hufnagel
*Counsel for the Debtor and
Debtor in Possession*
87 Walker Street, Floor 2
New York, New York 10013
lmorrison@m-t-law.com
bjhufnagel@m-t-law.com